1091 [2008], *lv denied* 10 NY3d 861 [2008]; *see also People v DeRosario*, 81 NY2d 801, 803 [1993]). Contrary to defendant's contention, the court was not required to read the contents of those notes verbatim into the record (*see generally People v Kadarko*, 14 NY3d 426, 428-429 [2010]). We conclude that defendant waived his contention with respect to the first jury note by consenting to allow the court to respond to requests for exhibits without consulting the attorneys (*see People v Ming Yuen*, 222 AD2d 613 [1995], *lv denied* 88 NY2d 851 [1996]). In any event, that contention is without merit (*see id.*).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN D. VANILLE, Respondent, v SUPERINTENDENT, ORLEANS CORRECTIONAL FACILITY, et al., Appellants. (Appeal No. 1.) [919 NYS2d 406]—

Present—Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN D. VANILLE, Respondent, v SUPERINTENDENT, ORLEANS CORRECTIONAL FACILITY, et al., Appellants. (Appeal No. 2.) [918 NYS2d 919]—

Memorandum: Respondents appeal from a judgment granting the petition seeking a writ of habeas corpus with respect to petitioner's civil commitment pursuant to Mental Hygiene Law article 10. We conclude that the appeal must be dismissed as moot. Here, there is no pending action that would provide a